John M. Kim (Bar No. 188997)
jkim@ipla.com
Joshua J. Richman (Bar No. 243147)
jrichman@ipla.com
**IPLA, LLP**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
Tel: 858-272-0220
Fax: 858-272-0221

Attorneys for Plaintiff
Unity IPR APS

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITY IPR APS, a Denmark Limited Liability Company,<br><br>    Plaintiff,<br><br>    v.<br><br>FCS RACING SIMULATION B.V, a Dutch Private Limited Liability Company, CRUDEN B.V., a Dutch Private Limited Liability Company, and DOES 1-100,<br><br>    Defendants. | **CASE NO:**<br><br>**COMPLAINT FOR:**<br><br>**(1) TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114(1);**<br><br>**(2) FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a);**<br><br>**(3) VIOLATION OF CAL. BUS. & PROF. CODE § 17200;**<br><br>**(4) STATE COMMON LAW TRADEMARK INFRINGEMENT; AND**<br><br>**(5) COMMON LAW UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Unity IPR ApS ("**Unity**") brings this Complaint against Defendants FCS Racing Simulation B.V. ("**FCS**"), Cruden B.V. ("**Cruden**"), and Does 1-100 for injunctive relief and damages under the laws of the United States and the State of California.

1        CASE NO.: _____
**COMPLAINT**

## NATURE OF THE CASE

1. This is an action for violation of the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a), violation of the California statutory law of unfair competition, Cal. Bus. & Prof. Code § 17200, and California common law trademark infringement, passing off, and unfair competition.

## THE PARTIES

2. Unity is a Denmark limited liability company with its world headquarters in Denmark and its United States headquarters in San Francisco, California.

3. On information and belief, Defendant FCS is a Dutch private limited liability company with offices in Indiana and Michigan and doing business in and around San Francisco, California.

4. On information and belief, Defendant Cruden is a Dutch private limited liability company with offices in Indiana and Michigan and doing business in and around San Francisco, California.

5. Unity is currently unaware of the identities of Does 1-100 and therefore sues such defendants by such fictitious acronyms. Unity is informed and believes that discovery will reveal the true identities of these defendants. Unity will amend this Complaint to identify these defendants by name after their identities are discovered.

6. Defendants FCS, Cruden, and Does 1-100 are hereinafter collectively referred to as "**Defendants**".

7. On information and belief, the actions alleged herein have been undertaken by Defendants, were undertaken by each Defendant individually, were actions that each Defendant caused to occur, authorized, controlled, directed, or had the ability to authorize, control, or direct, and/or were actions in which each Defendant assisted, participated, or otherwise encouraged, and are actions for which each Defendant is liable. Each Defendant aided and abetted the actions of the Defendants set forth below, in that each Defendant had knowledge of those actions, provided assistance and benefitted from those actions, in whole or in part. Each of the Defendants was the agent of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and with the permission and consent of each and every

one of the other Defendants.

## JURISDICTION AND VENUE

8. This action arises under the trademark laws of the United States, 15 U.S.C. § 1051, *et seq.*, particularly under 15 U.S.C. §§ 1114 and 1125, as well as state unfair competition law and the common law of trademark infringement, passing off, and unfair competition. This Court has jurisdiction over the federal claims under 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. §§ 1116, 1121, and 1125. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. §§ 1367(a) and 1338(b), those claims being joined with a substantial and related claim under the trademark laws of the United States and so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

9. This Court has personal jurisdiction over Defendants because, on information and belief, Defendants have directed tortious acts at Unity in this judicial district, and have committed tortious acts that they knew or should have known would cause injury to Unity in this judicial district. On information and belief, Defendants actively market and sell software and hardware in the State of California and in this judicial district that bear the infringing trademark at issue in this case. Further, as detailed below, Defendants actively market and sell software and hardware through its website and Facebook®, Twitter®, and LinkedIn® pages. All the aforementioned websites are accessible from this judicial district, and on information and belief, have been accessed by consumers located in this judicial district.

10. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) because a substantial part of the events and/or omissions giving rise to the claim occurred in this judicial district and Defendants are otherwise subject to the Court's personal jurisdiction with respect to this action.

## INTRADISTRICT ASSIGNMENT

11. This being an Intellectual Property Action, the Court's General Order 44 and Assignment Plan provides for assignment of this Action on a district-wide basis. To the extent this Action may be deemed to have arisen in a particular county within this judicial district, that county is San Francisco County because a substantial part of the events or omissions which give rise to

Unity's claims occurred in San Francisco County.

**FACTUAL ALLEGATIONS**

Unity's Trademark Rights

12. Unity is the industry leading provider of software and services to develop interactive content on technology platforms, including Microsoft® platforms. Unity is the world leader in video game development software and its game engine is the most dominant video game development software in the world. More games are made with Unity's software, more players play games made with Unity, and more developers rely on Unity tools and services to drive their businesses than any other software.

13. Unity is the owner of valuable trademark rights for several trademarks used in connection with the aforementioned software, technology, and services ("**Unity Goods and Services**"). With over 4.5 million registered developers, Unity's software and trademarks have become well-known within the gaming, software development, and cloud computing industries ("**Unity Industries**"). Since at least as early as June 2005, Unity has used the following trademark (or marks so similar that they have the same commercial impression) in connection with the Unity Goods and Services:



("**Box Logo**"). Since at least as early as June 2005, Unity has used the following trademark (or marks so similar that they have the same commercial impression) in connection with the Unity Goods and Services:



("**UNITY & Box Logo**").

14. In addition to the common law rights it owns in the Box Logo and UNITY & Box

Logo marks (together, the "**Box Logo Marks**"), Unity owns the following US Trademark Registrations:

| Mark Information | Goods/Services |
|---|---|
| Filing Date: October 26, 2011<br>Reg. Date: December 25, 2012<br>Reg. No. 4263362 | Class 9: 3D and 2D graphics software for use in creating multi-player game and non-game worlds; computer platform software for creating computer games, online games, multi-player computer games, interactive 3D game worlds, and mixed 3D and 2D content; computer editing software for editing images, sound and video; computer game software; computer software, namely, game engine software for video game development and operation.<br><br>Class 35: Operating an online marketplace for sellers of goods and services; operating an online marketplace featuring computer platform software, editor extensions, tutorials, art packages and advanced script libraries for creating computer games, online games, multi-player computer games, and interactive 3D game worlds; business services, namely, providing an online network for developers to offer software development assets and services for sale and buy goods offered by others for the purpose of accelerating development; business networking services, namely, providing an online platform for matching game developers with game publishers; wholesale distributorships in the field of 3D graphics software for use in creating multi-play 3D game worlds.<br><br>Class 41: Multimedia publishing of games; digital video, audio, and multimedia publishing services; open-access publishing services, namely, publication of electronic games; production of video and computer game software; providing information on-line relating to computer games and computer enhancements for games. |
| Filing Date: November 25, 2013<br>Reg. Date: July 22, 2014<br>Reg. No. 4571559 | Class 9: 3D and 2D graphics software for use in creating multi-player game and non-game worlds; Computer platform software for creating computer games, online games, multi-player computer games, interactive 3D game worlds, and mixed 3D and 2D content; Computer editing software for editing images, sound and video; Computer game software; Computer software, namely, game engine software for video game development and operation.<br><br>Class 35: Advertising, marketing and promotion services; Providing consultation services regarding marketing and sales methods, sales management and sales programs; Providing an |

| | online network and online marketplace for others to engage in direct deals, online advertising and cross-promotion with providers of mobile applications; Business management services, namely, tracking, analyzing and managing advertising, sales and ecommerce activities within mobile computer games and applications; Business data analytics services, namely, analysis of advertising, marketing, sales, customers, product usage, and market trends and actions; Consumer marketing research consulting services related to audience measurement and insight; Business data analysis services, namely, predictive data analysis for developers and publishers on mobile devices; Operating an online marketplace for sellers of goods and services in the field of computer games, online games, multi-player computer games, interactive 3D game worlds and computer game software; Operating an online marketplace featuring computer platform software, editor extensions, tutorials, art packages and advanced script libraries for creating computer games, online games, multi-player computer games, and interactive 3D game worlds; Business services, namely, providing an online network for developers to offer software development assets and services for sale and buy goods offered by others in the field of computer games, online games, multi-player computer games, interactive 3D game worlds and computer game software for the purpose of accelerating development; Business networking services, namely, providing an online platform for matching game developers with game publishers; Wholesale distributorships in the field of 3D graphics software for use in creating multi-play 3D game worlds.<br><br>Class 41: Multimedia publishing of games; Digital video, audio, and multimedia publishing services in the field of computer games, online games, multi-player computer games, interactive 3D game worlds and computer game software; Open-access publishing services, namely, publication of electronic games; Production of video and computer game software; Providing information on-line relating to computer games and computer enhancements for game. |

Defendants' Business and Infringing Acts

15. On information and belief, Defendants design, manufacture, sell, and otherwise offer driving simulators and simulator software for the automotive, motorsport, marine, motorcycle, gaming, and entertainment industries, as well as related goods and services ("**Defendants' Goods and Services**").

16. On or around May 2017, Unity became aware that Defendants were using the following trademark, that is nearly identical to the Box Logo Marks, in connection with Defendants' Goods and Services in the United States:



("**Defendants' Logo**").

17. When the two logos are compared side by side, Defendants' Logo is almost indistinguishable from the Box Logo with the main difference being the orientation of the logos:

| **Unity's Box Logo** | **Defendants' Logo** |
|---|---|
| | |

18. On information and belief, Defendants never offered their software as a stand-alone product before 2016 and by doing so, Defendants materially altered their infringing activities by moving from primarily offering a driving simulator to offering a software product competitive to Unity.

19. Given Unity's success and fame, and the fact that the Box Logo Marks and Defendants' Logo are nearly identical, Unity is informed and believes and thereon alleges that Defendants adopted Defendants' Logo despite being aware of Unity's use of the Box Logo Marks.

Defendants' Contacts Within This Judicial District

20. Defendants' contacts within this judicial district are numerous and substantial. For example, on information and belief, Defendants and/or their officers, sales representatives, and/or agents routinely conduct business within this judicial district, including but not limited to the marketing, advertising, and sale of the Defendants' Goods and Services that bear Defendants' Logo.

21. On information and belief, Defendants target consumers throughout the United States and abroad, including consumers in this judicial district. On information and belief, consumers in this judicial district have owned, purchased, rented, and/or used Defendants' Goods and Services marked with Defendants' Logo at trade shows, arcades, amusement parks, and other locations within this judicial district where driving simulators are sold, rented, used, or otherwise found.

22. On information and belief, Defendants have customers and partnerships within this judicial district.

23. On information and belief, Defendants' website www.cruden.com is registered through United States-based registrar, Network Solutions, LLC, and is hosted on a server with an IP address located in Mountain View, CA, which is in this judicial district. Attached hereto as Exhibit A are true and correct copies of printouts of websites showing this information.

24. On information and belief, Defendants' www.cruden.com website is not passive, but instead encourages users worldwide and within this judicial district to download its software. On information and belief, copies of Defendants' software are stored on and/or accessed on servers which are in the United States and in this judicial district. On information and belief, Defendants' simulators are stored in warehouses, offices, and other locations in the United States and in this judicial district.

25. On information and belief, Defendants market Defendants' Goods and Services through numerous businesses located and/or headquartered in this judicial district. For example, on information and belief, Defendants maintain a fan page for Defendants' Goods and Services through Facebook®, which is located and headquartered in this judicial district. Attached hereto as Exhibit B is a true and correct copy of a screenshot of Defendants' Facebook® page. On

information and belief, Defendants also advertise Defendants' Goods and Services through Twitter®, which is also located and headquartered in this judicial district. Attached hereto as Exhibit C is a true and correct copy of a screenshot of Defendants' Twitter® page. On information and belief, Defendants post job availability, recruit potential employees, and advertise Defendants' Goods and Services through LinkedIn®, which is also located and headquartered in this judicial district. Attached hereto as Exhibit D are true and correct copies of screenshots of Defendants' LinkedIn® page and job postings. On information and belief, Defendants have consented in their contracts with Facebook®, Twitter®, and LinkedIn® to litigate all disputes arising from such contracts in this judicial district. On information and belief, consumers in this judicial district "follow" Defendants on Facebook®, Twitter®, and/or LinkedIn®, and are therefore subject to Defendants' marketing and advertising within this judicial district.

26. All of Unity's allegations on information and belief will likely have evidentiary support after reasonable opportunity for further investigation or discovery.

**FIRST CAUSE OF ACTION**

**(Federal Trademark Infringement – 15 U.S.C. § 1114(1))**

27. Unity repeats, realleges, and incorporates Paragraphs 1-26 as though fully set forth in this cause of action.

28. Unity owns United States Federal Trademark Registration No. 4263362 for the Box Logo and United States Federal Trademark Registration No. 4571559 for UNITY & Box Logo in Classes 9, 35, and 41. True and correct copies of these registrations are attached hereto as Exhibit E ("**Box Logo Registrations**"). Prior to any use in commerce of Defendants' Logo by Defendants, Unity used the Box Logo Marks in connection with the Unity Goods and Services.

29. Defendants' use in commerce of Defendants' Logo in connection with Defendants' Goods and Services constitutes trademark infringement of Unity's rights in the Box Logo Registrations, and each of them, pursuant to 15 U.S.C. § 1114(1).

30. Defendants' Logo is nearly identical to the Box Logo Marks. Defendants' Goods and Services are identical or highly related to the goods and services protected by the Box Logo Registrations.

31. Defendants' use in commerce of Defendants' Logo is likely to cause confusion, or to cause mistake, or to deceive consumers of Defendants' Goods and Services and Unity's Goods and Services, who are likely to believe erroneously that Defendants' Goods and Services originate from the same source as Unity's Goods and Services, or are otherwise affiliated, connected, or associated with Unity, or sponsored or approved by Unity, when in fact they are not.

32. On information and belief, Defendants have knowingly and willfully infringed Unity's trademark rights by deliberately exploiting the substantial goodwill associated with Unity's Box Logo Registrations, and each of them.  On information and belief, Defendants selected Defendants' Logo with the express intent to cause confusion and to deceive consumers into believing that the Defendants' Goods and Services are actually Unity's Goods and Services, or associated therewith.

33. Unity has no adequate remedy at law.  Defendants' conduct as alleged herein has caused and if not enjoined will continue to cause irreparable harm to Unity's rights in the Box Logo Registrations, and each of them, and to its business reputation and goodwill, as well as damages in an amount that cannot be accurately computed at this time but will be proven at trial.

## SECOND CAUSE OF ACTION

### (Federal Unfair Competition – 15 U.S.C. § 1125(a))

34. Unity repeats, realleges, and incorporates Paragraphs 1-33 as though fully set forth in this cause of action.

35. Unity owns common law rights in the Box Logo Marks in connection with the Unity Goods and Services.  In addition, the Box Logo Marks have acquired distinctiveness within the Unity Industries in connection with the Unity Goods and Services as an indicator of source prior to any use in commerce of Defendants' Logo by Defendants.  At all times relevant to this lawsuit, consumers in the Unity Industries immediately have associated the distinctive Box Logo Marks with Unity and its reputation for creating its well-known and high-quality Unity Goods and Services.

36. Defendants' use in commerce of Defendants' Logo in connection with Defendants' Goods and Services constitutes trademark infringement of Unity's rights in the Box Logo Marks,

1 and each of them, and unfair competition pursuant to 15 U.S.C. § 1125(a).

2     37.    Defendants' Logo is nearly identical to the Box Logo Marks. Defendants' Goods and Services are identical or highly related to the Unity Goods and Services.

    38.    Defendants' use in commerce of Defendants' Logo is likely to cause confusion, or to cause mistake, or to deceive consumers of Defendants' Goods and Services and Unity's Goods and Services, who are likely to believe erroneously that Defendants' Goods and Services originate from the same source as Unity's Goods and Services, or are otherwise affiliated, connected, or associated with Unity, or sponsored or approved by Unity, when in fact they are not.

    39.    On information and belief, Defendants have knowingly and willfully infringed Unity's trademark rights by deliberately exploiting the substantial goodwill associated with Unity's Box Logo Marks, and each of them. On information and belief, Defendants selected Defendants' Logo with the express intent to cause confusion and to deceive consumers into believing that Defendants' Goods and Services are actually Unity's Goods and Services, or associated therewith.

    40.    Unity has no adequate remedy at law. Defendants' conduct as alleged herein has caused and if not enjoined will continue to cause irreparable harm to Unity's rights in the Box Logo Marks, and each of them, and to its business reputation and goodwill, as well as damages in an amount that cannot be accurately computed at this time but will be proven at trial.

## THIRD CAUSE OF ACTION

**(California Statutory Unfair Competition – Cal. Bus. & Prof. Code § 17200, *et seq*.)**

    41.    Unity repeats, realleges, and incorporates Paragraphs 1-40 as though fully set forth in this cause of action.

    42.    Defendants are making unauthorized commercial use of the Box Logo Marks, and each of them, in a deliberate, willful, intentional, and wrongful attempt to trade on Unity's goodwill, reputation, and financial investments in the Box Logo Marks, and each of them.

    43.    By reason of Defendants' conduct as alleged herein, Defendants have engaged in unlawful, unfair, and/or fraudulent ongoing business practices in violation of Cal. Bus. & Prof. Code § 17200, *et seq*.

    44.    As a direct result of Defendants' unfair competition with regard to the Box Logo

1  Marks, and each of them, Defendants have unlawfully acquired, and continue to acquire on an
2  ongoing basis, an unfair competitive advantage and have engaged in, and continue to engage in,
3  wrongful business conduct to Defendants' monetary advantage and to the detriment of Unity.

4      45.    On information and belief, Defendants' conduct as alleged herein has been
5  undertaken willfully and maliciously, and with full knowledge and in conscious disregard of
6  Unity's rights.

7      46.    Defendants' illegal and unfair business practices are continuing, and injunctive
8  relief pursuant to Cal. Bus. & Prof. Code § 17203 is necessary to prevent and restrain further
9  violations by Defendants.

10     47.    This Court has jurisdiction over the subject matter of this claim pursuant to the
11 provisions of 28 U.S.C. § 1338(b), this being a claim of unfair competition joined with a substantial
12 and related claim under the trademark laws of the United States, and under 28 U.S.C. § 1367.

13                            **FOURTH CAUSE OF ACTION**
14                            **(Common Law Trademark Infringement)**

15     48.    Unity repeats, realleges, and incorporates Paragraphs 1-47 as though fully set forth
16 in this cause of action.

17     49.    Defendants' unauthorized use of the Box Logo Marks, and each of them, constitutes
18 trademark infringement and is likely to cause confusion, deception, and mistake among the
19 consuming public as to the source of, and authorization for, Defendants' Goods and Services sold
20 and/or advertised by Defendants in violation of the common law of the State of California.

21     50.    On information and belief, Defendants' conduct as alleged herein has been
22 undertaken willfully and maliciously, and with full knowledge and in conscious disregard of
23 Unity's rights.

24     51.    As well as harming the public, Defendants' conduct as alleged herein has caused
25 and will continue to cause Unity irreparable harm for which there is no adequate remedy at law,
26 and is also causing damage to Unity in an amount which cannot be accurately computed at this time
27 but will be proven at trial.

28     52.    This Court has jurisdiction over the subject matter of this claim pursuant to the

provisions of 28 U.S.C. § 1338(b), this being a claim of infringement joined with a substantial and related claim under the Trademark Laws of the United States, and under 28 U.S.C. § 1367.

## FIFTH CAUSE OF ACTION

### (California Common Law Passing Off and Unfair Competition)

53. Unity repeats, realleges, and incorporates Paragraphs 1-52 as though fully set forth in this cause of action.

54. By virtue of their conduct as alleged herein, Defendants have engaged and are engaging in passing off and unfair competition under the common law of the State of California.

55. As well as harming the public, Defendants' conduct as alleged herein has caused and will continue to cause Unity irreparable harm for which there is no adequate remedy at law, and is also causing damage to Unity in an amount which cannot be accurately computed at this time but will be proven at trial.

56. Defendants' actions were undertaken intentionally to obtain an unfair advantage over Unity and in conscious disregard of Unity's rights, and were malicious, oppressive, and/or fraudulent. Unity requests punitive or exemplary damages pursuant to California Civil Code § 3294(a) in an amount sufficient to punish and deter Defendants and to make an example of them.

57. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of passing off and unfair competition joined with a substantial and related claim under the Trademark Laws of the United States, and under 28 U.S.C. § 1367.

## PRAYER FOR RELIEF

Wherefore, Unity prays for judgment as follows:

A. That the Court enter a finding that use by Defendants of Defendants' Logo infringes Unity's rights in the Box Logo Registrations and Box Logo Marks, and each of them;

B. That the Court enter a preliminary injunction and a permanent injunction prohibiting Defendants, as well as their officers, directors, predecessors, successors, agents, employees, representatives, and all persons, corporations, or other entities acting in concert or participation with Defendants from:

      i. Using Defendants' Logo in connection with any of Defendants' Goods and Services and Unity Goods and Services in California and throughout the United States;

      ii. Infringing any of Unity's intellectual property rights in its Box Logo Marks, or any of them;

      iii. Infringing any of Unity's intellectual property rights in the Box Logo Registrations, or any of them;

      iv. Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive members of the public to believe that the actions of Defendants or any of their officers, directors, predecessors, successors, agents, employees, representatives, and all persons, corporations, or other entities acting in concert or participation with Defendants are sponsored, approved, or licensed by Unity, or are in any way connected or affiliated with Unity;

      v. Affixing, applying, annexing, or using in connection with the manufacture, distribution, advertising, sale, and/or offering for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods or services as being those of Unity, including without limitation the Box Logo Marks;

      vi. Otherwise competing unfairly with Unity in any manner; and

      vii. Effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (i)-(vi) above.

    C. That the Court enter a finding that Defendants' actions were willful, deliberate, and malicious;

    D. That the Court award Unity damages in accordance with applicable law, including without limitation three times the amount of any and all profits realized by Defendants from the use of the Defendants' Logo in accordance with 15 U.S.C. § 1117(a);

    E. That the Court award Unity punitive damages in an amount sufficient to punish and deter Defendants;

      F.    That the Court find that this is an exceptional case and award Unity its reasonable attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117(a) and/or California law;

      G.    That the Court retain jurisdiction of this action for the purpose of enabling Unity to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith, and for the punishment of any violations thereof; and

      H.    For such other and further relief as the Court may deem just and equitable.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, Unity hereby demands a trial by jury.

DATED: November 7, 2017

Respectfully submitted,

IPLA, LLP
By:

_/s/ John M. Kim_

John M. Kim
jkim@ipla.com
**IPLA, LLP**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
Tel: 858-272-0220
Fax: 858-272-0221

Attorneys for Plaintiff
Unity IPR ApS